# Exhibit 1




Jeffrey M. Proper
**JEFFREY M. PROPER, PLLC**
10645 N. Tatum Blvd, Suite 200-652
Phoenix, AZ 85028
State Bar #003099
(602) 235-9555
Fax: (602) 235-9223
Email: jeff@jproper.com

Attorney for Plaintiff

MAR 24 2014

MICHAEL K. JEANES, CLERK
M. CORTEZ
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DAVID ZOWINE; <br><br> Plaintiff, <br><br> v. <br><br> GEORGE PRUSSIN and JANE DOE PRUSSIN, his wife.; and JOHN and JANE DOES I-X, ABC CORPORATIONS I-X; ABC PARTNERSHIPS I-X; and ABC LIMITED LIABILITY COMPANIES I-X; <br><br> Defendants | Case No. CV2014-050487 <br><br> **VERIFIED COMPLAINT** <br><br> **(Jury Trial Requested)** <br><br> (Breach of Contract; Breach of the Implied Warranty of Good Faith and Fair Dealing; Fraud; Negligent Misrepresentation; Promissory Estoppel; Unjust Enrichment; Tortious Interference with Contractual Relations; Breach of Fiduciary Duties; Application for Involuntary Judicial Dissolution; Civil Conspiracy; Pattern of Unlawful Acts (A.R.S. § 13 2301; Unlawful Sale of Securities) |

Plaintiff David Zowine, by and through undersigned counsel, for his complaint against the above-named Defendants alleges as follows:

**PARTIES, VENUE, JURISDICTION**

1.      Plaintiff is a married man who has at all times material hiseto been domiciled in Arizona and resided in Maricopa County.

2.      Defendant George Prussin ("Prussin") is believed to be a resident of New York.

3.      Defendant Prussin has committed acts/or omissions causing damages and harm to the Plaintiff, under theories sounding in both contract and in tort, all as further described *infra*.

4.      The acts and/or omissions of the Defendants each occurred in, or had their primary effect in, Maricopa County, Arizona.

5.      Defendants JOHN and JANE DOES I-X are persons, including attorneys representing Defendant Prussin, whose proper legal names and identities are currently unknown to Plaintiff. Plaintiff hereby reserves the right to amend this Complaint to reflect the proper name and identity of such Defendant(s) upon learning such information.

6.      Defendants ABC CORPORATIONS I-X are for-profit business entities whose proper legal name and identity are currently unknown to Plaintiff. Plaintiff hereby reserves the right to amend this Complaint to reflect the proper name and identity of such Defendant(s) upon learning such information.

7.      Defendants ABC PARTNERSHIPS I-X are for-profit business entities whose proper legal name and identity are currently unknown to Plaintiff. Plaintiff hereby reserves the right to amend this Complaint to reflect the proper name and identity of such Defendant(s) upon learning such information.

8.      Defendants ABC LIMITED LIABILITY COMPANIES I-X are for-profit business entities whose proper legal name and identity are currently unknown to Plaintiff. Plaintiff hereby reserves the right to amend this Complaint to reflect the proper name and identity of such Defendant(s) upon learning such information.

9. This Court has general *in personam* jurisdiction over Defendant Prussin, and those acting in concert with him, because, during times material to this Complaint, each and every Defendant, either directly or through its direct business relationships and connections, has maintained substantial and/or continuous and systematic contacts with the State of Arizona as evidenced by the following particulars:

A. The primary contractual agreements at issue were substantially performed in Arizona; and,

B. Defendant Prussin has regularly conducted commercial activities and transactions within Arizona and/or with residents of the state of Arizona.

10. In addition, and in the alternative, this Court has specific *in personam* jurisdiction over Defendants, because such Defendants purposely availed themselves of the privilege of conducting commercial activities in Arizona; the Plaintiff's claims arise and/or result from those activities; and the exercise of jurisdiction would be reasonable.

11. Further, by virtue of A.R.S. § 44-2031(A), this Court has in rem jurisdiction over any alleged solicitation, offering, or sale of securities involving property interests existing or defined under Arizona law.

12. Moreover, by virtue of A.R.S. § 44-2031(C), this Court is specifically authorized to accept jurisdiction over the spouse of any person alleged to have violated Arizona's "Blue Sky" laws, in order to determine the liability of the marital community.

13. Venue is proper in accordance with A.R.S. § 12-401(1); A.R.S. § 12-401(18); A.R.S. § 44-2031(B); and Article 14 § 8 of the Arizona Constitution.

14. This Court has original jurisdiction over the over the claims set forth in this Verified Complaint in accordance with A.R.S. § 12-123 and Article 6 §14 of the Arizona Constitution.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

15. Defendant Prussin engaged in conduct seeking investors who desired to invest capital funding and promised rates of return equal to or in excess of 12% per annum, including investments in horses and loan pools.

16. In return for an investments of in excess of $100,000.00 given to Defendant Prussin, Prussin promised that he would invest his funds both one or more race horses and loan pools with guaranteed high rates of return and breeding/stud fees, with respect to the horse investments. Prussin promised to manage said investment and pay Plaintiff periodic returns and with respect to the race horse, and an ultimate return of at least double the amount of his investment.

17. Plaintiff was never provided, and never signed, any agreements.

18. Plaintiff was promised and guaranteed by Defendant Prussin, that his in excess of $100,000 investment was secure and would produce a very high rate of return. That express representation was when made and has proven to be materially false.

19. Based upon the misrepresentations of Prussin concerning the security and guaranteed return on their investment, Plaintiff was induced to provide in excess of $100,000 to Defendant Prussin.

20. That fraudulent representation concerning the use and placement of Plaintiff's funds has damaged Plaintiff in that notwithstanding demand Defendant Prussin has refused to tell Plaintiff where his funds were deposited, and has refused to pay his the interest due and return his principal invested and his promised return.

21. Defendant Prussin, his attorneys, are "issuers" of a "security" as those terms are defined by Arizona's "Blue Sky" statutes.

22. The Arizona Corporation Commission ("ACC") has the statutory authority to exempt certain securities from registration with the Commission pursuant to A.R.S. § 44-1846, provided that the issuer of the securities to be exempted files a proper "disclosure document" as prescribed by the ACC, which must include a financial statement and minimum standards for investor suitability. *See*, A.R.S. § 44-1846(B).

23. Until such time as the requirements for filing a disclosure document with the ACC were satisfied, the securities (membership interests) solicited, offered, and issued to the Plaintiff were not exempt from regulation and registration with the ACC under Arizona's Blue Sky laws.

24. Plaintiff were never provided any disclosure statement or documents from Defendants Prussin or others, prior to being solicited, offered, and sold securities.

25. Plaintiff were solicited, offered, and sold securities without the filing of proper disclosure documents with the ACC, and therefore, Defendant Prussin and others have "offered and sold" unregistered securities in direct violation of A.R.S. § 44-1841(A). Such unlawful conduct constitutes a class 4 felony offense pursuant to A.R.S. § 44-1841(B).

26. Pursuant to A.R.S. § 44-2001(A), the "sale or contract for sale" of any securities to any purchaser in violation of A.R.S. § 44-1841 is voidable at the election of the purchaser and the purchaser is statutorily authorized to bring an action in any court of competent jurisdiction to recover the consideration paid for the securities, with interest, taxable court costs and reasonable attorney fees.

27. Pursuant to A.R.S. § 44-1991(A), it is a "fraudulent practice and unlawful" for any person to offer to sell securities or to complete a sale of such securities, whether or not such securities are exempted from registration with the ACC, if the offer to sell or sale directly or indirectly involved any "device, scheme, or artifice to defraud" or contains any untrue statement of

material facts, or omitting to state any material facts necessary in order to avoid making the transaction "misleading".

28. Defendants Prussin and others solicited, offered, and sold securities to the Plaintiff with the intent and use of device, scheme, or artifice to defraud, and further made such solicitation, offering, and sale with the omission of material facts necessary to avoid making the transaction misleading to the Plaintiff, including, but not limited to, that the loan pools were safe and secure and guaranteed by lawyers handling litigation which assured the safety of the principal invested and the guaranteed rates of return, that the horses had been properly vetted, were physically sound and capable of earning substantial purses from races, that the stud fees alone from the horses would assure the security of the principal invested and the double rate of return.

## COUNT I
## BREACH OF CONTRACT
### (Rescission)

29. Plaintiff hereby realleges and incorporates by reference each and every other paragraph in this complaint as if fully restated herein.

30. Plaintiff is entitled to actual damages in the amount of in excess of $100,000, plus interest and costs for statutory rescission of his investment with Defendant Prussin and others who are issuers of the investment security.

31. Defendants' are also entitled to recover their attorneys' fees.

## COUNT II
## BREACH OF CONTRACT
### (Return of Investment)

32. Plaintiff hereby realleges and incorporates by reference each and every other paragraph in this complaint as if fully restated herein.

-6-

33. Defendant Prussin has, individually, intentionally, materially, and in bad faith breached the terms of their contract with the Plaintiff.

34. The Plaintiff has been substantially and materially harmed by Defendant's breach of contract, in the sum of in excess of $100,000 plus interest at the agreed rate of return from the date of default until paid.

35. Plaintiff is thereby entitled to recover actual, consequential, and incidental damages against Defendant Prussin, as determined at trial.

36. Defendant Prussin' breach of contract also entitles the Plaintiff to recover his attorneys' fees and costs pursuant to A.R.S. § 12-341.01(A).

## COUNT III
## BREACH OF WARRANTY OF GOOD FAITH AND FAIR DEALING

37. Plaintiff hereby realleges and incorporates by reference each and every other paragraph in this complaint as if fully restated herein.

38. The agreement between Plaintiff and Defendant Prussin necessarily, by application of Arizona law, includes an implied covenant of good faith and fair dealing.

39. The implied warranty of good faith and fair dealing requires that no party to a contract prevent any other party from receiving the benefits of their agreement.

40. Defendant Prussin, individually, has acted or omitted to act in such a manner as to substantially and materially deprive the Plaintiff of the benefit of his bargain under the agreement.

41. Such acts or omissions constitute a breach of the implied warranty of good faith and fair dealing.

42. The Plaintiff has been substantially and materially harmed by such breach in a sum certain amount to be proved and determined at trial.

43. Plaintiff is thereby entitled to recover actual, consequential, and incidental damages against Defendant Prussin, individually, as determined at trial.

44. Defendants' breach of the implied warranty of good faith and fair dealing also entitles the Plaintiff to recover his attorneys' fees and costs pursuant to A.R.S. § 12-341.01(A).

## COUNT IV
## BREACH OF FIDUCIARY DUTY

45. Plaintiff hereby realleges and incorporates by reference each and every other paragraph in this complaint as if fully restated herein.

46. Defendant Prussin, and Plaintiff through Defendant Prussin's relative and Plaintiff's former business partner, maintained a personal relationship at the time the events referred to herein occurred, and as such Defendant Prussin owes fiduciary duties to the Plaintiff. Defendants' failure to segregate Plaintiff's funds and his agreement to manage these funds create a fiduciary obligation with respect thereto.

47. Such fiduciary duties include, but are not limited to, the duties of loyalty, candor care, honesty and good faith and fair dealing.

48. Such duties also include a duty to act for or to give advice for the benefit of the Plaintiff upon matters within the scope of the relationship.

49. Plaintiff placed special trust and confidence in the Defendant Prussin.

50. The Defendant Prussin breached the duties of loyalty, candor, care and honesty, applied under the standards of good faith and fair dealing, by, *inter alia*:

    A. Promising that the Plaintiff his in excess of $100,000 investment was secure and would produce a high rate of return;

    B. Purposefully depriving the Plaintiff of his right to participate in the management of his funds;

C. Promising to pay the Plaintiff double the return of his investment and deposit, yet failing to do so and/or making such promise without any intention of keeping it;

D. Failing to provide the Plaintiff with the documents to which he are entitled and/or showing his deposit and investment;

E. Affirmatively misrepresenting Defendant Prussin' financial health;

F. Concealing facts which he had a duty to disclose, including failing to update past representations that later became untrue, including the health of the race horse in which Plaintiff invested;

G. Misappropriating Plaintiff's funds and/or opportunities; and

H. Making repeated promises to repay the Plaintiff his in excess of $100,000 investment without any intention of actually doing so.

51. As a direct result of Defendant Prussin' breaches of their fiduciary duties, the Plaintiff has been harmed by, inter alia, not being paid the in excess of $100,000 and/or other amounts promised, and having his funds diverted.

52. Defendant Prussin has, individually and severally, intentionally, materially, and in bad faith breached their fiduciary duties owed to Plaintiff.

53. Plaintiff has been substantially and materially harmed by Defendant Prussin' breach of their respective fiduciary duties, in a sum certain amount to be proved and determined at trial.

54. Plaintiff is thereby entitled to recover actual, consequential, incidental and punitive damages against Defendant Prussin, individually, as determined at trial.

## COUNT V
## PROMISSORY ESTOPPEL

55. Plaintiff hereby realleges and incorporates by reference each and every other paragraph in this complaint as if fully restated herein.

56. Plaintiff was promised that, *inter alia*:

   a. His in excess of $100,000 would be secure and would provide a very high rate of return, and in the case of the race horse double or more his investment;

   b. He would be paid in excess of $100,000 in return for his investment;

   c. He would be repaid his initial investment;

   d. The Defendant Prussin was financially healthy.

57. It was reasonably foreseeable to the Defendant Prussin that the Plaintiff would rely on the above-stated promises.

58. Plaintiff justifiably relied upon Defendant Prussin' promises.

59. Plaintiff has been substantially and materially harmed by Defendants' breaches of the above-stated promises.

60. Plaintiff' actual, consequential, and incidental damages are easily reducible to a sum certain amount to be proved at trial.

61. Plaintiff is thereby entitled to recover actual, consequential, and incidental damages against Defendant Prussin, individually, as determined at trial.

## COUNT V
## UNJUST ENRICHMENT

62. Plaintiff hereby realleges and incorporates by reference each and every other paragraph in this complaint as if fully restated herein.

63. Plaintiff enriched Defendant Prussin and possibly others, at the direction of the Defendant Prussin, by, *inter alia*, providing them with some or all of the in excess of $100,000.

64. Plaintiff alleges that these Defendants have substantially profited and benefitted from Plaintiff's payment of the investment monies pursuant to their contractual relationship.

65. Plaintiff has suffered a serious and material detriment and deprivation caused by these Defendants purposeful refusal to perform the obligations for which he have been paid.

66. It is unjust and inequitable for these Defendants to retain the monies provided to them by the Plaintiff.

67. Plaintiff is thereby entitled to recover actual, consequential, and incidental damages against each and every Defendant, individually and severally, as determined at trial.

**COUNT VI**
**COMMON LAW FRAUD**

68. Plaintiff hereby realleges and incorporates by reference each and every other paragraph in this complaint as if fully restated herein.

69. Defendant Prussin made numerous representations of material fact, including, *inter alia*, the promises stated hereinabove.

70. Those representations were untrue, and either known to be untrue or made with recklessness and/or gross negligence.

71. Plaintiff did not know, or have reason to know, that such misrepresentations were untrue.

72. In addition, Defendant Prussin and those acting in concert with him, concealed facts which he had a duty to disclose, including by failing to update past representations that later became untrue.

73. Defendants' misrepresentations were made to deceive the Plaintiff and to induce his to act thiseon.

74. Defendants' misrepresentations did, in fact, cause Plaintiff to reasonably rely upon them. Such actual reliance on the false and misleading representations of Defendants was reasonable and justified under the circumstance.

75. As a result of their justifiable reliance on the false and misleading representations made by Defendants, Plaintiff has been substantially and materially harmed.

76. Plaintiff is thereby entitled to recover actual, consequential, incidental, and puntive damages against each and every Defendant, individually and severally, as determined at trial.

## COUNT VII
## NEGLIGENT MISREPRESENTATION

77. Plaintiff hereby realleges and incorporates by reference each and every other paragraph in this complaint as if fully restated herein.

78. Defendant Prussin represented, or allowed to be represented; false or incorrect information to Plaintiff and/or Defendants omitted or failed to disclose material information. Such false and incorrect information, and omissions or failures to disclose, include the above-stated promises.

79. The above-mentioned representations and/or failures to disclose were material and central to Plaintiff decision to provide in excess of $100,000 to Defendant Prussin, and to enter into contractual relations with Defendant Prussin.

80. Defendant Prussin failed to exercise reasonable care or competence when he made such misleading representations and/or omitted to disclose accurate information to Plaintiff.

81. Defendant Prussin intended that Plaintiff to rely on the information provided in choosing to provide in excess of $100,000 to him, and to enter into contractual relations with him.

82. Plaintiff reasonably relied upon such information in choosing to provide in excess of $100,000 to Defendant Prussin, and to enter into contractual relations with him.

83. Plaintiff's actual reliance on the false, misleading, and/or incomplete information provided by said Defendant was reasonable and justified under the circumstances.

84. As a result of the above, Plaintiff have been substantially and materially harmed in an amount to be proven at trial.

85. Plaintiff is thereby entitled to recover actual, consequential, and incidental damages against each and every Defendant, individually and severally, as determined at trial.

## COUNT VIII
## CIVIL CONSPIRACY

86. Plaintiff hereby realleges and incorporates by reference each and every other paragraph in this complaint as if fully restated herein.

87. By engaging in the acts and omissions described herein, Defendants, and each of them, positively and/or tacitly came to an agreement with one another.

88. The objectives of said agreement were unlawful insofar as he included the tortious conduct set forth herein.

89. The objectives of the agreement included, but were not limited to, misappropriating the Plaintiff's in excess of $100,000 investment, and then continually making misrepresentations of fact to obfuscate Defendants' true motives and goals.

90. The Defendants, and each of them, engaged in such conduct knowingly, intentionally and purposefully.

91. The Defendants, and each of them, knew that Plaintiff would be damaged by their conduct and purposefully acted so as to cause such damage.

92. The Defendants, and each of them, acted in concert with one another and with a common design, and through such conspiratorial conduct, caused damages and injury to Plaintiff.

93. As a direct and proximate result of the foregoing, Plaintiff sustained damages in an amount to be proved at trial.

94. Plaintiff is thereby entitled to recover actual, consequential, incidental and punitive damages against each and every Defendant, individually and severally, as determined at trial.

### COUNT IX
### PATTERN OF UNLAWFUL ACTS (A.R.S. § 13-2301, ET. SEQ.)

95. Plaintiff hereby realleges and incorporates by reference each and every other paragraph in this complaint as if fully restated herein.

96. The Defendants, each and every one, acted through a pattern of unlawful activity for gain within the meaning of A.R.S. §§ 13-2314 and 13-2301.

97. Plaintiff are each a "person who sustain[ed] reasonably foreseeable injury to his person, business or property by a pattern of [unlawful activity who] may file an action in superior court for the recovery of up to treble damages" and other relief pursuant to A.R.S. §13-2314.04.

98. The Defendants committed unlawful acts for financial gain within the meaning of A.R.S. § 13-2301(D)(4), which includes any act including any preparatory or completed offense, that is chargeable or indictable under the laws of the jurisdiction in which the act occurred, by, *inter alia*:

  A. Committing numerous fraudulent and illegal acts relating to the Plaintiff's investment, as described herein;

  B. Misappropriating the Plaintiff's investment;

  C. Using the mail to commit such acts, and thereby committing common law fraud and mail fraud in violation of 18 USCA § 1341 and A.R.S. § 13-2301(D)(4)(b)(xx) by use of the United States Mail to accomplish fraudulent schemes; and

  D. Committing common law fraud and wire fraud in violation of 18 USCA § 1343 and A.R.S. § 13-2301(D)(4)(b)(xx) by use of electronic mail to accomplish such fraudulent schemes.

E.   The Defendants, and each of them, conspired with and aided and abetted as accomplices in their violations of A.R.S. § 13-2301(D).

F.   Each of the Defendants "authorized, requested, commanded, ratified or recklessly tolerated the unlawful conduct" of each other within the meaning of A.R.S. § 13 2314.04(L).

G.   The Defendants, and each of them, are liable for up to treble the compensatory damages suffered by Plaintiff, plus costs and attorneys' fees pursuant to A.R.S. § 13-2314.04(A) and pre-judgment interest on such damages pursuant to A.R.S. § 13-2314.04(D)(5).

## COUNT X
## VIOLATION OF "BLUE SKY" LAWS- A.R.S. § 44-1991
## FRAUD IN PURCHASE OR SALE OF SECURITIES

99.   Plaintiff hereby realleges and incorporates by reference each and every other paragraph in this complaint as if fully restated herein.

100.  As alleged with particularity *supra*, the Defendants, each and every one of them, in connection with the solicitation, offering, and sale of securities, has directly or indirectly engaged in one or more of the following prohibited unlawful acts:

A.   Employed any device, scheme or artifice to defraud; and/or

B.   Made untrue statement of material fact, or omitted to state any material fact necessary in order to make the statements made, in the light of the circumstances under which he were made, not misleading; and/or

C.   Engaged in a transaction, practice or course of business which operates or would operate as a fraud or deceit.

101.  As a result of the above, Plaintiff have been substantially and materially harmed in an amount to be proven at trial.

102. Plaintiff is thereby entitled to recover actual, consequential, and incidental damages against each and every Defendant, individually and severally, as determined at trial.

103. This claim is a "private action" brought pursuant to A.R.S. § 44-1991(A), as specifically recognized by A.R.S. § 44-1991(B).

## COUNT XI
## ACTION TO VOID CONTRACT FOR SALE OF SECURITIES
## A.R.S. § 44-2001

104. Plaintiff hereby realleges and incorporates by reference each and every other paragraph in this complaint as if fully restated herein.

105. Plaintiff alleges that Defendants are issuers of an unregistered security that was not exempt from regulation under Arizona "Blue Sky" laws, more particularly A.R.S. § 44-1841.

106. Plaintiff alleges that he is entitled to recover as damages against Defendants, individually or severally, the in excess of $100,000.00 consideration he paid, with interest, taxable court costs and reasonable attorney fees, all as specifically authorized by A.R.S. § 44-2001(A).

107. Plaintiff further specifically allege that Defendants knew and or should have known in the exercise of reasonable care that he were making untrue or misleading omissions in the solicitation, offering, and sale of such unregistered securities.

## COUNT XII
## CONSTRUCTIVE FRAUD

108. Plaintiff hereby realleges and incorporates by reference each and every other paragraph in this complaint as if fully restated herein.

109. The contractual relationship between Plaintiff and Defendant Prussin was confidential and fiduciary in nature.

110. Defendant Prussin owed certain fiduciary duties to Plaintiff.

111. Defendant Prussin has intentionally, purposefully, and with bad faith breached the trust conferred by Plaintiff and the fiduciary duties owned to Plaintiff, all as specifically alleged and set forth hereinabove.

112. Defendant Prussin has purposefully deceived Plaintiff and, in doing so, violated public and private interests, including the "Blue Sky" laws of Arizona as alleged *supra*.

113. Defendant Prussin have thereby substantially and materially caused harm to Plaintiff in an amount to be proven at trial.

114. Plaintiff is thereby entitled to recover actual, consequential, incidental and punitive damages against each and every Defendant, individually and severally, as determined at trial.

115. Defendant Prussin acted intentionally, in bad faith, and with malice in breaching fiduciary duties, deceiving and misleading Plaintiff, and violating public and private interests, and Plaintiff are thereby entitled to recover punitive damages against these Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Zowine prays for Judgment against Defendant George Prussin and the fictitious Defendants as follows:

A. Issue an order awarding Plaintiff all direct, consequential and incidental damages, including but not limited to past, present, and future lost profits and any other appropriate relief necessary to make Plaintiff whole and compensate them for the breach of contract described *supra*; and,

B. Award general and special damages to Plaintiff for the tortious and unlawful acts, conduct, and omissions of Defendants as more particularly plead *supra*; and,

C. Award punitive damages and civil penalties against Defendants in order to deter similar action against others;

D.  Award Plaintiff the costs of this action, including reasonable attorneys' fees,

E.  Award Plaintiff reasonable pre-judgment and post-judgment interest in the maximum amount allowed by law;

F.  Grant or award Plaintiff with such other legal and equitable relief as this Court deems just and proper;

RESPECTFULLY SUBMITTED this 21st day of March, 2014.

JEFFREY M. PROPER, PLLC

Jeffrey M. Proper, *Esq.*
Attorney for Plaintiff

**VERIFICATIONS**

Plaintiff DAVID ZOWINE declares under penalty of perjury that he has read the foregoing *Verified Complaint* and is familiar with the contents thereof. The matters asserted therein are based on his own personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

DATED this 12 day of March, 2014.

_____
DAVID ZOWINE